1 Marc C. Forsythe – State Bar No. 153854
Charity J. Manee – State Bar No. 286481
2 **GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210, Building D
3 Irvine, CA 92614
mforsythe@goeforlaw.com
4 cmanee@goeforlaw.com

5 Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437
6
Leo D. Plotkin – State Bar No. 101893
7 Mark D. Hurwitz – State Bar No. 151159
**LEVY, SMALL & LALLAS**
8 815 Moraga Drive
Los Angeles, California 90049
9 lplotkin@lsl-la.com
mhurwitz@lsl-la.com
10
Telephone: (310) 471-3000
11 Facsimile: (310) 471-7990

12 Co-Counsels for Alleged Debtor
Stewart Homes Inc. dba 5 Star Homes
13

14

15 **UNITED STATES BANKRUPTCY COURT**

16 **CENTRAL DISTRICT OF CALIFORNIA**

17 **SANTA ANA DIVISION**

18

19 In re:

20 STEWART HOMES INC., dba 5 STAR
HOMES,

21

22 Alleged Debtor.

23

24

25

26

27

28

| | |
|---|---|
| Case No. 8:23-bk-12060-TA | |
| Chapter 7 | |
| **NOTICE OF MOTION AND MOTION OF ALLEGED DEBTOR FOR ORDER FOR EXAMINATION UNDER FRBP 2004; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK D. HURWITZ** | |
| [FRBP 2004; LBR 2004-1] | |
| [No Hearing Required] | |

1

1  **TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES**

2  **BANKRUPTCY JUDGE AND ALL PARTIES ENTITLED TO NOTICE HEREOF:**

3  **PLEASE TAKE NOTICE** that Alleged Debtor Stewart Homes Inc. dba 5 Star Homes

4  ("Alleged Debtor"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure

5  ("FRBP") and Local Bankruptcy Rule ("LBR") 2004-1, hereby moves the Court (the "Motion")

6  for an Order requiring that the proposed examinee named below ("Proposed Examinee"), pursuant

7  to subpoena in the form attached hereto, (i) produce documents on May 17, 2024 per agreement

8  with Proposed Examinee's counsel and (ii) appear for examination, on June 11, 2024, which is at

9  least 21 days after service of this motion, or at such other time as Alleged Debtor and Proposed

10  Examinee may agree.

11  The Motion is made without a hearing pursuant to FRBP Rule 2004, LBR 2004-1(d) and

12  LBR 9013-1(p).

13  The Motion is made on the grounds that the Proposed Examinee has information related to

14  the acts, conduct, or property or to the liabilities and financial condition of Alleged Debtor, or

15  related to any matter which may affect the administration of Alleged Debtor's estate, as the

16  Proposed Examinee is the branch manager of the bank at which Alleged Debtor maintained

17  several accounts.

18  The Proposed Examinee's name and place of employment are:

19  Zach Quddos

20  Enterprise Bank & Trust

21  31351 Rancho Viejo Rd #101

22  San Juan Capistrano, CA 92675

23  This Motion is based on this Notice and the attached Memorandum of Points and

24  Authorities, the attached Declaration, and the proposed order to be lodged consistent herewith.

25  Alleged Debtor has met and conferred with Proposed Examinee through counsel regarding

26  the date, time, place, and scope of an examination and production as set forth in the attached

27  Declaration of Mark D. Hurwitz.

28

2

1    WHEREFORE, Alleged Debtor respectfully requests that the Court grant this Motion and

2  such other and further relief as it deems necessary, just and proper.

3

4

5  Dated: May 13, 2024                          Respectfully submitted by
                                               **LEVY, SMALL & LALLAS**

6

7                                              By: /s/Mark D. Hurwitz
                                                   Leo D. Plotkin
8                                                  Mark D. Hurwitz
                                                   Co-Counsel for Alleged Debtor
9                                                  Stewart Homes Inc., dba 5 Star Homes

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2          Alleged Debtor seeks an order under FRBP Rule 2004 and LBR 2004-1 for examination

3   of, and production of documents by, Proposed Examinee, who has information related to the

4   acts, conduct, or property or to the liabilities and financial condition of Alleged Debtor, or

5   related to any matter which may affect the administration of Alleged Debtor's estate.

6          The Proposed Examinee, Zach Quddos, is the branch manager of the branch of Enterprise

7   Bank & Trust ("Bank") located in San Juan Capistrano, California.  Alleged Debtor maintained

8   several deposit accounts at the Bank, and (through a predecessor) the Bank also made a loan to

9   Alleged Debtor that the Bank claims is outstanding.

10          FRBP Rule 2004(a) provides that "[o]n motion of any party in interest, the court may

11   order the examination of any entity." Examinations under Rule 2004 include within their scope,

12   *inter alia*, any matter that may relate to the property and assets of the estate, the financial

13   condition of the debtor, and any matter that may affect the administration of a debtor's estate, or

14   to the debtor's right to a discharge. *See* FRBP Rule 2004(b). In addition, the attendance of a

15   person at an examination may be ordered by the Court "at any time or place it designates,

16   whether within or without the district court wherein the case is pending." FRBP Rule 2004(d).

17   The Bankruptcy Court has broad discretion in issuing a 2004 examination. *In re Deshetler*, 435

18   B.R. 295, 302 (Bankr. S.D. Ohio 2011).

19          The purpose of a Rule 2004 examination is "to allow inquiry into the debtor's acts,

20   conduct or financial affairs so as to discover the existence or location of assets of the estate." *In*

21   *re Dinbilo*, 177 B.R. 932, 940 (E.D. Cal. 1993); see also *In re N. Plaza LLC*, 395 B.R. 113, 122,

22   n. 9 (S.D. Cal. 2008) (purpose of Rule 2004 examination is "discovering assets and unearthing

23   frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989)

24   (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and]

25   examination is not limited to the debtor or his agents, but may properly extend to creditors and

26   third parties who have had dealings with the debtor.") (internal citations omitted).

27          The scope of an examination permitted under Rule 2004 is "exceptionally broad." *In re*

28   *N. Plaza LLC*, 395 B.R. at 122 n. 9; *see also In re W&S Investments, Inc.* 1993 U.S. App. LEXIS

1 │ 2231 at *6 (9th Cir. Jan. 28, 1993) ("The scope of inquiry permitted under a Rule 2004

2 │ examination is generally very broad and can legitimately be in the nature of a 'fishing

3 │ expedition.'") (internal citations omitted). This broad inquiry extends to third parties as well:

4 │ "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third

5 │ party who can be shown to have a relationship with the debtor can be made subject to a Rule

6 │ 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); *see also*

7 │ *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. D. Wis. 1984) ("When there is a showing that the

8 │ purpose of the examination is to enable a party to probe into matters which may lead to the

9 │ discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is

10 │ allowed."). This is because "[t]he clear intent of Rule 2004 . . . is to give parties in interest an

11 │ opportunity to examine individuals having knowledge of the financial affairs of the debtor in

12 │ order to preserve the rights of creditors." *In re GHR Companies, Inc.*, 41 B.R. 655, 660 (Bankr.

13 │ D. Mass. 1984). "The purpose of the Rule 2004 investigation is to aid in the discovery of assets,

14 │ any third party who can be shown to have a relationship with the debtor can be made subject to a

15 │ Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y.

16 │ 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

17 │    In the present case, good cause exists to order an examination of Proposed Examinee

18 │ under Rule 2004 and to issue a subpoena for the examination and production. As the branch

19 │ manager of the Bank at which Alleged Debtor conducted substantial banking business, it is

20 │ apparent that Proposed Examinee would have information and documents that may relate to the

21 │ property and assets of the estate, the financial condition of the Alleged Debtor, and any matter

22 │ that may affect the administration of Alleged Debtor's estate (although Alleged Debtor continues

23 │ to object to this involuntary bankruptcy and reserves all rights to continue to do so). The Bank

24 │ has produced account statements and other documents concerning Alleged Debtor's accounts,

25 │ and Alleged Debtor should be entitled to obtain documents and examine the Proposed Examinee

26 │ about, among other things, the Alleged Debtor's accounts and banking activity.

27 │    The examination cannot proceed under FRBP 7030 or 9014. Although discovery

28 │ procedures are available to Alleged Debtor based on its objection to this involuntary bankruptcy,

1  the examination and production sought by this motion more generally concerns the Alleged

2  Debtor's property, assets and financial condition and should not be limited to issues concerning

3  whether this involuntary bankruptcy was properly filed.

4      For the reasons set forth above, Alleged Debtor respectfully requests that this Court enter

5  an order to be lodged consistent with the Motion herewith granting this Motion in its entirety and

6  (a) authorizing Alleged Debtor, pursuant to FRBP Rules 2004 and 9016, to issue a subpoena

7  substantially in the form attached hereto as Exhibit A, for the examination of, and production of

8  documents by, Proposed Examinee and (b) granting such other and further relief as this Court

9  deems just and proper.

10

11 Dated: May 13, 2024                          Respectfully submitted by
                                                **LEVY, SMALL & LALLAS**

12

13                                              By: /s/Mark D. Hurwitz
                                                    Leo D. Plotkin
14                                                  Mark D. Hurwitz
                                                    Co-Counsels for Alleged Debtor
15                                                  Stewart Homes Inc., dba 5 Star Homes

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MARK D. HURWITZ**

I, Mark D. Hurwitz, declare as follows:

1.    I am an attorney at law duly admitted to practice before this Court and am an attorney at Levy, Small & Lallas, A Partnership Including Professional Corporations ("LSL"), co-counsel for Alleged Debtor Stewart Homes, Inc. dba 5 Star Homes ("Alleged Debtor") in the above-captioned matter.  I have personal, first hand knowledge of the entire contents of this declaration and, if called upon to do so, could and would competently testify thereto.

2.    By the attached motion, Alleged Debtor seeks an order under FRBP Rule 2004 and LBR 2004-1 for examination of, and production of documents by, Zach Quddos ("Proposed Examinee").

3.    I am informed and believe that Proposed Examinee is the branch manager of the branch of Enterprise Bank & Trust ("Bank") located in San Juan Capistrano, California, at which Alleged Debtor held several deposit accounts.  I am further informed and believe that the Bank, through a predecessor, made a loan to Alleged Debtor that the Bank claims remains outstanding.

4.    After the above-captioned bankruptcy case was filed, I caused a subpoena to issue and to be served on the Bank for production of documents, including without limitation account statements for Alleged Debtor's accounts at the Bank.

5.    In the course of the Bank's response to the subpoena and production of documents, I have been in communication with the Bank's attorney, Timothy J. Silverman, Esq.  I am informed and believe that Mr. Silverman is on the Electronic Mail Notice List for the above-captioned bankruptcy case.

6.    Mr. Silverman represents the Proposed Examinee in connection with this motion and the subpoena to be served thereunder.

7.    Prior to causing this motion to be filed, I contacted Mr. Silverman to arrange for a mutually agreeable date, time, place and scope of the examination of, and production of documents by, Proposed Examinee.  The dates, times and place stated in this motion and the subpoena reflect the agreement I reached with Mr. Silverman.

8.    Mr. Silverman agreed to accept service of this motion, and the subpoena to be served

1    thereunder, on behalf of the Proposed Examinee.

2        I declare under penalty of perjury under the laws of the United States of America that the

3    foregoing is true and correct.

4        Executed this 13th day of May, 2024 at Los Angeles, California.

5

6

7                         *Mark Hurwitz*
                        Mark D. Hurwitz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 815 Moraga Drive, Los Angeles, CA 90049.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF ALLEGED DEBTOR FOR ORDER FOR EXAMINATION UNDER FRBP 2004** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 13, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Timothy J Silverman**    tsilverman@scheerlawgroup.com, tsilverman1@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Marc C Forsythe** mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com
- **Charity J Manee** cmanee@goeforlaw.com, kmurphy@goeforlaw.com

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) May 13, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(<u>state the method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 13, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 13, 2024 | Mark D. Hurwitz | /s/ Mark D. Hurwitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re STEWART HOMES, INC. dba 5 Star Homes
_____
Debtor

Case No. 8:23-bk-12060-TA _____

Chapter 7 _____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Zach Quddos, Enterprise Bank & Trust, 31351 Rancho Viejo Road, Suite 101, San Juan Capistrano, CA 92675
_____
*(Name of person to whom the subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions, 611 Anton Blvd., #500, Costa Mesa, CA 92626 | June 11, 2024, 10:00 a.m. |

The examination will be recorded by this method:  stenographically _____

☑ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment 1 hereto; production to be done on May 17, 2024 per agreement
_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 13, 2024 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____*Mark Hurwitz*_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
STEWART HOMES, INC. dba 5 Star Homes ,  who issues or requests this subpoena, are:

Mark D. Hurwitz, Levy, Small & Lallas, 815 Moraga Drive, Los Angeles, CA 90049, mhurwitz@lsl-la.com, (310) 471-3000
_____

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or

     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)