| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Douglas A. Plazak #181709, dplazak@rhlaw.com<br>Daniel E. Katz #185139, dkatz@rhlaw.com<br>Reid & Hellyer APC<br>3685 Main Street, Suite 300<br>Mailing: P.O. Box 1300<br>Riverside, CA 92502-1300<br>Telephone: 951-682-1771<br>Telecopeir: 951-686-2415<br><br>☐ Debtor(s) appearing without an attorney<br>☒ Attorney for: Williams Family Manufactured, et al. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>Stewart Homes, Inc.<br><br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-12060-TA<br>CHAPTER: 7<br><br>**NOTICE OF OPPORTUNITY TO**<br>**REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Williams Family Manufactures Homes, Inc. and Craig Williams</u>, filed a motion or application (Motion) entitled <u>Motion to Approve Settlement with Stewart Homes, Inc. and Williams Family Manufactured Homes, Inc.</u>

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. *(Check appropriate box below)*:

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **<u>DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:</u>** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                      Page 1                      **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

(1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Movant will lodge an order that the court may use to grant the Motion; and

(3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  12/23/2024

/s/ Douglas A. Plazak
Signature of Movant or attorney for Movant

Douglas A. Plazak
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

1  Daniel E. Katz, State Bar No. 185139
   dkatz@rhlaw.com
2  Douglas A. Plazak, State Bar No. 181709
   dplazak@rhlaw.com
3  REID & HELLYER APC
   Post Office Box 1300
4  Riverside, California 92502-1300
   3685 Main Street, Suite 300
5  Riverside, California 92501
   Telephone: (951) 682-1771
6  Facsimile: (951) 686-2415

7  Attorneys for Williams Family Manufactured
   Homes, Inc. and Craig Williams

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  SANTA ANA DIVISION

12  In re: Stewart Homes, Inc.          Case No. 8:23-bk-12060-TA

13                                      Chapter 7

14                                      NOTICE OF MOTION AND MOTION TO
                                        APPROVE SETTLEMENT WITH
15                                      STEWART HOMES, INC. AND WILLIAMS
                                        FAMILY MANUFACTURED HOMES,
16             Debtor.                   INC.; PURSUANT TO RULE 9019 OF THE
                                        FEDERAL RULES OF BANKRUPTCY
17                                      PROCEDURE; MEMORANDUM OF
                                        POINTS AND AUTHORITIES,
18                                      DECLARATION OF DANIEL E. KATZ IN
                                        SUPPORT THEREOF
19
                                        [No hearing required unless requested]
20

21  TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY

22  JUDGE AND ALL PARTIES IN INTEREST:

23          PLEASE TAKE NOTICE that Plaintiff, Stewart Homes, Inc. ("STEWART HOMES")

24  and Defendants, Craig Williams ("Williams") and WILLIAMS FAMILTY MANUFACTURED

25  HOMES, INC. ("WFMH."), (STEART HOMES, WFMH and Williams are referred to collectively

26  at times as, the "Parties"), hereby move the Court (the "Motion") for an order approving the

27  Settlement Agreement (the "Agreement") attached hereto as Exhibit 1.  Through the Agreement,

28  the Parties agreed to resolve their claims asserted by STEWART HOMES against Williams and

                                    - 1 -

WFMH.  If approved, the Agreement will resolve the issues and release all claims between the Parties.

The Parties seek approval of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, as set forth herein.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Daniel E. Katz, Esq. ("Katz Decl."), attorney of record for Defendants, Williams and WFMH, and supporting exhibits, all records, files and pleadings in this action, such other materials of which the Court may take judicial notice, and such other and further evidence as may be presented at a hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o)(1), any response to the Motion and any request for a hearing on the Motion must be filed with the Court and served on the Parties and on the United States Trustee within fourteen (14) days after the date of service of this Notice and Motion, plus three additional days if served by mail or pursuant to Fed. R. Civ. P. 5(b)(2)(D) or (F).

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9013-1(h) and Rule 9013-1(o)(3) of the Local Bankruptcy Rules, failure to timely file and serve a response in accordance with the Local Bankruptcy Rules may be deemed to constitute consent to the relief requested by the Parties in the Motion. The Court may treat a party's failure to timely oppose or respond as a waiver of your right to oppose the Motion and may grant the Motion without further hearing or notice.

**PLEASE TAKE FURTHER NOTICE** that if an opposition to the Motion is timely filed and served with a request for a hearing, counsel for Williams and WFMH will file and serve a notice of hearing at least fourteen (14) days in advance of the hearing.

**PLEASE TAKE FURTHER NOTICE** that if no opposition to the Motion or request for hearing is timely filed and served, then Williams, through counsel, will file a declaration of indicate (1) the Motion was properly served, (2) the response period elapsed and (3) no party filed and served a written opposition and request for a hearing within fourteen (14) days (plus 3 additional days) after the date of service of this notice.  Thereafter, counsel for Williams and WFMH. will lodge an order requesting the Court to grant the Motion.

1      **WHEREFORE**, the Parties respectfully request that the Court enter an order granting the

2      Motion, approving the Agreement and all of its terms and conditions, and granting such other relief

3      as the Court deems just and proper.

4

5      DATED: December 23, 2024          REID & HELLYER, APC

6

7                                            By: /s/ Douglas A. Plazak
                                                Daniel E. Katz

8                                                  Douglas A. Plazak
                                                Attorneys for Williams Family

9                                                  Manufactured Homes, Inc. and
                                                  Craig Williams

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

## MEMORANDUM OF POINTS AND AUTHORITIES

The Agreement provides for the payment of $35,000 by Williams and/or WFMH to STEWART HOMES, in return for mutual releases, which includes any claims by WFMH and Williams against STEWART HOMES for alleged unpaid commissions.

As set forth below, the Agreement is in the best interests of the STEWART HOMES and of the bankruptcy estate.

This Motion is brought by Williams and WMFH due to a disputed allegation by STEWART HOMES that Williams and WMFH violated the automatic stay imposed when the core proceeding was initiated. Because of this disputed allegation, Williams and WFMH insisted that their obligations under the Agreement be conditioned on Bankruptcy Court approval because of a concern by Williams and WFMH that STEWART HOMES' creditors or a future trustee would assert the same claims against Williams and WFMH in the future.

### I. FACTUAL BACKGROUND:

The pertinent factual background of this matter is detailed in the Recitals of the Agreement this Court is asked to approve. They are restated herein for the convenience of the Court.

STEWART HOMES and WFMH are California corporations. During the time periods relevant to this dispute, both companies were in the business of purchasing manufactured homes wholesale from manufacturers and reselling them retail to the public for profit. At all times relevant to the Agreement, Williams was the principal of WFMH. As of July 15, 2023, Mike Stewart was the principal of STEWART HOMES.

From November 2020 to July 2023, STEWART HOMES operated a retail manufactured home sales business out of property in Hemet, California (the "Hemet Property"), which was owned by WFMH. At all times relevant, STEWART HOMES' standard operating procedure was to purchase manufactured homes wholesale from manufacturers such as Skyline Homes and Fleetwood, by using a finance company called, 21st Mortgage Corporation to fund the purchase. The typical wholesale purchase would entail 21st Mortgage Corporation loaning STEWART HOMES the total purchase price of the manufactured home, at 8% interest. STEWART HOMES would then make interest only payments to 21st Mortgage Corporation for one year while it attempted to resell the

- 4 -

manufactured home for profit. If a manufactured home purchased by STEWART HOMES under this arrangement was not resold within one year of its purchase, STEWART HOMES became obligated to begin making payments of the principal balance of the 21st Mortgage Corporation loan.

On July 27, 2022, STEWART HOMES purchased a manufactured home from Skyline Homes, serial number A0001086 for $127,480.00 (the "Skyline Home"). 21st Mortgage Corporation financed 100% of the purchase of the Skyline Home and attempted to resell it to the public out of the Hemet, California property owned by WFMH.

As of March, 2023, STEWART HOMES had not sold the Skyline Home.

In May, 2023, Williams, on behalf of WFMH, caused the Skyline Home to be placed on a residential lot, located 267 Encino Drive, Palm Springs, California 92264, which, at the time, was owed by WFMH. Williams contends that he, on behalf of WFMH and Mike Stewart, on behalf of STEWART HOMES, entered into an oral agreement in March 2023 (the "Alleged Oral Agreement") to transfer ownership of the Skyline Home to WFMH, so that the Skyline Home could be placed on the Encino Drive lot, enhancing the likelihood that it would be sold and that STEWART HOMES would be relieved of its obligation to continue making payments to 21st Mortgage Corporation on the purchase loan. This alleged oral agreement was not documented with a writing by either party and STEWART HOMES disputed Williams' contention of the Alleged Oral Agreement.

On July 15, 2023, Mike Stewart passed away and STEWART HOMES ceased its retail operations shortly thereafter.

On October 7, 2023, alleged creditors of STEWART HOMES initiated this involuntary bankruptcy action against STEWART HOMES, under Chapter 7 of the United States Bankruptcy Code, case number 8:23-bk-12060 (the "Involuntary Bankruptcy Action"). The Petitioning creditors alleged debts owing by STEWART HOMES in the total sum of $41,808,888. STEWART HOMES is contesting the Involuntary Bankruptcy Petition.

On October 24, 2023, WFMH closed escrow on a sale of the 267 Encino Drive Property, for a total sales price of $445,000.00, less liens and costs of sale. Out of the proceeds of escrow, $130,748.50 was paid to 21st Mortgage Corporation for its lien on the Skyline Home, which represented 100% of the principal balance of the 21st Mortgage Corporation loan and a few months

1    of accrued interest.  At the time escrow closed, neither WFMH nor Williams were aware that the

2    Involuntary Bankruptcy Action had been initiated.  STEWART HOMES did not concede that

3    Williams was unaware of the Involuntary Bankruptcy Action when the Encino Drive property was

4    sold.

5        21st Mortgage Corporation was a creditor of STEWART HOMES at the time of filing of the

6    Involuntary Bankruptcy Action.

7        On November 22, 2023, STEWART HOMES and 21st Mortgage Corporation filed a

8    Stipulation in the Involuntary Bankruptcy Action, which provided for 21st Mortgage Corporation to

9    obtain relief from the Automatic Stay in order to repossess or sell 57 manufactured homes (which

10   were acknowledged as personal property in the Stipulation) purchased by STEWART HOMES

11   through financing provided by 21st Mortgage Corporation, which are part of STEWART HOMES'

12   unsold inventory at the time the Involuntary Bankruptcy Action was initiated.  The Stipulation

13   provided that the total indebtedness owed by STEWART HOMES to 21st Mortgage Corporation for

14   the 57 homes was $6,807.775.02, as of October 31, 2023.  The Stipulation provided that STEWART

15   HOMES could not service the debt of the 57 manufactured homes and was in the process of winding

16   down its affairs.

17       On December 13, 2023, the Court in the Involuntary Bankruptcy Action entered an Order for

18   Relief from the Automatic Stay on behalf of 21st Mortgage Corporation pursuant to the Stipulation

19   between STEWART HOMES and 21st Mortgage Corporation.

20       On February 8, 2024, STEWART HOMES initiated an Adversary Action within the

21   Involuntary Bankruptcy Action, Case No. 8:24-ap-01019 against WFMH and Williams, alleging

22   various causes of action, but essentially alleging that the Skyline Home was an asset of STEWART

23   HOMES and that WFMH and Williams had no legal right to place it on the 267 Encino Drive

24   Property and sell it.  The Adversary Action alleges that WFMH and Williams violated the automatic

25   stay from the Involuntary Bankruptcy when it closed escrow on the sale of the 267 Encino Drive

26   Property.

27       Williams and WFMH contended in the Adversary Action that the Skyline Home was

28   personal property and that ownership of it transferred to WFMH upon entry into the Alleged Oral

- 6 -

Agreement. Therefore, Williams and WFMH contended that the Skyline Home was never part of the bankruptcy estate. Williams and WFMH also contended that neither STEWART HOMES nor the bankruptcy estate was damaged by the sale of the Skyline Home because the Skyline home was purchased on 100% credit by STEWART HOMES, which was fully satisfied out of the proceeds of sale of the Encino Drive Property.

Additionally, WFMH contended that it was owed approximately $140,000 in commissions relating to the sale of manufactured homes during the time STEWART HOMES was operating out of the Hemet Property.  STEWART HOMES disputed these contentions.

## II. SUMMARY OF PROPOSED SETTLEMENT AUTHORITY:

Williams is the President of WFMH and is authorized to enter into the Agreement, on behalf of himself and WFMH.

Amy Stewart, Trustee of the Michael and Amy Stewart Family Trust dated December 6, 2020, is the sole shareholder of STEWART HOMES and as such, is authorized to sign the Agreement on behalf of STEWART HOMES.

## III. THE SETTLEMENT AGREEMENT SHOULD BE APPROVED:

### A. Legal Standard for Approval

"Settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate." *In re Kerner*, 599 B.R, 751, 754 (Bankr. S.D.N.Y. 2019) (citing *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996)).

The Federal Rules of Bankruptcy Procedure require that the court approve compromises and settlements of a bankruptcy estate. See Fed. R. Bankr. P. 9019(a) ("On motion by the trustee and after notice and a haring, the court may approve a compromise or settlement.").

The decision of whether to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case. *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir, 1982); *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

1   More specifically, a Court should review the following factors in considering whether to

2   approve a proposed settlement; (a) the probability of success in the litigation; (b) the difficulty, if

3   any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and

4   the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of

5   the creditors and a proper deference to their reasonable views in the premises. *Woodson*, 839 F.2d

6   at 620 (quoting *A&C Properties*, 784 F.2d at 1381). A settlement negotiated by a trustee, as a

7   representative of the estate, is entitled to deference. *In re Morrison*, 69 B.R. 586, 592 (Bankr. E.D.

8   Pa. 1987)

9   The Court need not conduct an exhaustive investigation into the validity or a mini-trial on

10  the merits of the claims sought to be compromised. *In re Walsh Construction, Inc.* 69 F.2d at 1328.

11  In fact, the Court need not decide the questions of law and fact raised in the controversies sought to

12  be settled and need not determine whether the settlement presented is the best one that could

13  possibly have been achieved. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*,

14  464 U.S. 822 (1984) (quoting *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972), *cert. denied*, 409

15  U.S. 1039 (1972). Instead, the Court's responsibility is only to "canvass the issues to see 'whether

16  the settlement 'fall[s] below the lowest point in the range of reasonableness.'" Id.

17  STEWART HOMES has the right to exercise reasonable business judgment in an effort to

18  maximize the assets of the estate. So long as a proposed compromise results in a recovery above

19  the lowest point in the range of reasonable compromises, the Parties should be authorized to

20  proceed with such compromise. In light of the facts and circumstances in this case, the application

21  of the *A&C Properties* factors shows that the compromise set forth in the Agreement is fair and

22  equitable, is in the best interests of the Parties and judicial economy, and is well above the lowest

23  point in the range of reasonableness.

24  **B.  Application of the A&C Properties Factors Demonstrates that the Agreement**

25  **should be Approved.**

26  The Parties have evaluated the Agreement, in the context of the *A&C Properties* factors.

27  The Parties, (in particular, STEWART HOMES) believe that under these factors, the Agreement

28

- 8 -

should be approved so that the Estate avoids costs and delay associated with litigation involving the Parties and to allow for timely resolution of the claims.

### 1. Probability of Success on the Merits

The dispute between the Parties would be contested through trial. Given the damages issues under the facts of this case, STEWART HOMES ability to achieve a favorable result, in light of the costs of litigation, support its decision to enter into the Agreement.

### 2. Complexity, Expense, and Inconvenience of Litigation.

The cost to try this case would have been significant. There is no basis under the claims asserted by STEWART HOMES for the recovery of its attorneys' fees, if successful. Furthermore, while litigation against Williams and WFMH may have been successful, the delay and costs associated with contested litigation would be potentially detrimental to STEWART HOMES and the bankruptcy estate's interests. Whereas the Agreement provides for immediate and prompt payment of the settlement amount by Williams and/or WFMH.

### 3. The Settlement is Fair and Reasonable and the Factors Weigh in Favor of Approval.

The Debtor's proposed compromise pursuant to Rule 9019(a) is fair and falls well within the lowest point in range of reasonableness. In balancing and consideration of all the relevant factors, the A&C Properties factors weigh strongly in favors of approval of the Settlement.

### IV. CONCLUSION

For the foregoing reasons, the Williams and WFMH respectfully request that the Court enter an order approving the Agreement.

Dated: December 23, 2024                REID & HELLYER APC


By:  /s/ Douglas A. Plazak
     Douglas A. Plazak
     Daniel E. Katz
     Attorneys for Williams Family
     Manufactured Homes, Inc. and Craig
     Williams

## DECLARATION OF DANIEL E. KATZ

I, Daniel E. Katz, declare:

1.      I am attorney licensed to practice law in the State of California and am a shareholder with Reid & Hellyer APC, attorneys of record for defendants Craig Williams ("Williams") and WILLIAMS FAMILY MANUFACTURED HOMES, INC. ("WFMH"). I have personal knowledge of the facts contained herein, and if called as a witness, I could and would competently testify to these facts.

2.      I make this declaration in support of the Motion.

3.      In the adversary action, STEWART HOMES contended that it was entitled to all or most of the proceeds of sale of the real property located 267 Encino Drive, Palm Springs, California, based on the fact that the property sold with the Skyline Home affixed to it.

4.      Williams and WFMH contended that WFMH owned the Skyline Home at the time of the sale of the Encino Drive property pursuant to an oral agreement between Williams, on behalf of WFMH and Mike Stewart, on behalf of WFMH. Williams and WFMH also contended that STEWART HOMES was not damaged because STEWART HOMES had no equity in the manufactured home because of the 100% lien help by 21 Mortgage Corporation.

5.      As an affirmative defense, the WFMH claimed an offset of $140,000.00 for unpaid commissions owed to it by STEWART HOMES. The commission claims were supported by evidence in the form of job tickets from STEWART HOMES which contained a reference to the commission arrangement and a bounced check from STEWART HOMES to WFMH for one of the commission payments. The $140,000.00 in commissions allegedly owned exceeds STEWART HOMES' anticipated gross profit on the Skyline Home by approximately $60,000.00.

6.      Moreover, had the Skyline Home not sold after it had been affixed to the Encino Drive property, it likely would have been included in the December 13, 2023 stipulated relief from stay order between 21st Mortgage and Stewart Homes.

7.      The Parties to the adversary action cooperated in discovery and the recitals in the Agreement and this Motion were the product of cooperation between counsel for the Parties.

8.    For these reasons and the fact that there is no right to attorneys' fees, the settlement is in the best interest of all of the Parties to the adversary action.

9.    Finally, this settlement will have no significant adverse impact on STEWART HOMES' alleged creditors, given the questions of liability and damages.  More significantly, the maximum exposure of this case (the alleged net profits of $291,000.00 from the sale of the Encino Drive property) is dwarfed by the amount of alleged debt of STEWART HOMES, the debtor.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 23rd day of December, 2024, at Riverside, California

Daniel E. Katz

- 11 -

EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is by and between STEWART HOMES, INC. ("STEWART HOMES"), on the one hand, and WILLIAMS FAMILY MANUFACTURED HOMES INC. ("WFMH") and Craig Williams ("Williams"), on the other hand. The parties to this agreement are jointly referred at times as the "Settling Parties."

### Recitals

STEWART HOMES and WFMH are California corporations. At times relevant herein, STEWART HOMES and WFMH were in the business of purchasing manufactured homes wholesale from manufacturers and reselling them retail to the public for profit. Williams was and is the principal of WFMH. At times relevant to this Agreement to July 15, 2023, Mike Stewart was the principal of STEWART HOMES.

From November 2020 to July 2023, STEWART HOMES operated a retail manufactured home sales business out of property owned by WFMH in Hemet, California ("Hemet Property"). At all times relevant to this Agreement, STEWART HOMES' standard operating procedure was to purchase homes wholesale from manufacturers such as Skyline Homes and Fleetwood by using a finance company called 21st Mortgage Corporation to fund the purchase. The typical wholesale purchase would entail 21st Mortgage Corporation loaning STEWART HOMES the total purchase price of the manufactured home, at 8% interest. STEWART HOMES would then make interest only payments to 21st Mortgage Corporation for one year while it attempted to resell the manufactured home for profit. If a manufactured home purchased by STEWART HOMES under this arrangement was not resold within one year of its purchase, STEWART HOMES became obligated to begin making payments of the principal balance of the 21st Mortgage Corporation loan.

On July 27, 2022, STEWART HOMES purchased a manufactured home from Skyline Homes, serial number A0001086 for $127,480.00 (the "Skyline Home"). 21st Mortgage Corporation financed 100% of the purchase of the Skyline Home. STEWART HOMES' retail sales price for the Skyline Home was $186,000.00.

As of March, 2023, STEWART HOMES had not sold the Skyline Home.

In May, 2023, Williams, on behalf of WFMH, caused the Skyline Home to be placed on a residential lot, located 267 Encino Drive, Palm Springs, California 92264, which was owned by WFMH. Williams contends that he, on behalf of WFMH and Mike Stewart, on behalf of STEWART HOMES, entered into an oral agreement in March 2023 ("Alleged Oral Agreement") to transfer ownership of the Skyline Home to WFMH, so that it could be placed on a residential lot, enhancing the likelihood that it would be sold and that STEWART HOMES would be relieved of its obligation to continue making payments to 21st Mortgage Corporation. This Alleged Oral Agreement was not documented with a writing by either party. STEWART HOMES disputes Williams' contention.

On July 15, 2023, Mike Stewart passed away and STEWART HOMES ceased its retail operations shortly thereafter.

On October 7, 2023, alleged creditors of STEWART HOMES initiated an involuntary bankruptcy action against STEWART HOMES, under Chapter 7 of the United States Bankruptcy Code, case number 8:23-bk-12060 (the "Involuntary Bankruptcy Action"). The Petitioning creditors alleged debts owing by STEWART HOMES in the total sum of $41,808,888. STEWART HOMES has contested the Involuntary Bankruptcy Action and the Bankruptcy Court has not issued an order for relief.

On October 24, 2023, WFMH closed escrow on a sale of the 267 Encino Drive Property, for a total sales price of $445,000.00, less liens and costs of sale. Out of the proceeds of escrow, $130,748,50 was paid to 21st Mortgage Corporation for its lien on the Skyline Home, which represented 100% of the principal balance of the 21st Mortgage Corporation loan and a few months of accrued interest. At the time escrow closed, neither WFMH nor Williams were aware that the Involuntary Bankruptcy Action had been initiated. STEWART HOMES does not concede that WFMH and Williams were unaware of the Involuntary Bankruptcy Action.

21st Mortgage Corporation was a creditor of STEWART HOMES at the time of filing of the Involuntary Bankruptcy Action.

On November 22, 2023, STEWART HOMES and 21st Mortgage Corporation filed a Stipulation in the Involuntary Bankruptcy Action, which provided for 21st Mortgage Corporation to obtain relief from the Automatic Stay in order to repossess or sell 57 manufactured homes (which were acknowledged as personal property in the Stipulation) purchased by STEWART HOMES through financing provided by 21st Mortgage Corporation, which were part of STEWART HOMES' unsold inventory at the time the Involuntary Bankruptcy Action was initiated. The Stipulation provided that the total indebtedness owed by STEWART HOMES to 21st Mortgage Corporation for the 57 homes was $6,807.775.02, as of October 31, 2023. The Stipulation provided that STEWART HOMES could not service the debt of the 57 manufactured homes and was in the process of winding down its affairs.

On December 13, 2023, the Court in the Involuntary Bankruptcy Action entered an Order for Relief from the Automatic Stay on behalf of 21st Mortgage Corporation pursuant to the Stipulation between STEWART HOMES and 21st Mortgage Corporation.

On February 8, 2024, STEWART HOMES initiated an Adversary Action, Case No. 8:24-ap-01019, within the Involuntary Bankruptcy Action against WFMH and Williams, alleging various causes of action, but essentially alleging that the Skyline Home was an asset of STEWART HOMES and that WFMH and Williams had no legal right to place it on the 267 Encino Drive Property and sell it. The Adversary Action alleges that WFMH and Williams violated the automatic stay from the Involuntary Bankruptcy when it closed escrow on the sale of the 267 Encino Drive Property, with the Skyline Home on it.

Williams and WFMH contended in the Adversary Action that the Skyline Home was personal property and that ownership of it transferred to WFMH upon entry into the March 2023 Alleged Oral Agreement. Therefore, Williams and WFMH contended that the Skyline Home was not part of the bankruptcy estate. Williams and WFMH also contended that neither STEWART HOMES nor the bankruptcy estate was damaged by the sale of the Skyline Home because the home was purchased on 100% credit of STEWART HOMES, which credit amount for this home was fully paid out of the proceeds of sale of the home. Additionally, WFMH contended that it was

2

owed approximately $140,000 in commissions relating to the sale of manufactured homes during the time STEWART HOMES was operating out of the Hemet Property. STEWART HOMES disputes Williams' and WFMH's contentions.

Without admitting to the merits of any claims and defenses asserted in the Involuntary Bankruptcy Action or the Adversary Action, the Settling Parties to this Agreement settle on the following terms:

**Settlement Terms**

Within thirty (30) days of approval of this Agreement by the Bankruptcy Court, WFMH or Williams shall pay the sum of the thirty-five thousand dollars ($35,000.00) to STEWART HOMES by wire transfer in accordance with the following wire instructions:

> **Beneficiary Information:**
> Stewart Homes Inc.
> 4909 N. 44th Street
> Phoenix, AZ 85018
>
> **Bank Information:**
> National Bank of Arizona
> 7375 E. Doubletree Ranch Road Branch
> A/C No. 5800055898
> ABA 122105320

Upon receipt of the settlement sum, STEWART HOMES shall dismiss the Adversary Action with prejudice.

Except for the obligations in this Agreement, the Settling Parties mutually and globally release each other, and each other's respective officers, directors, shareholders, agents, successors and assigns, from any and all claims, equitable or legal, arising out of or related to the Adversary Action, the claims and defenses alleged in the Adversary Action, the Alleged Oral Agreement, any operations on the Hemet Property, and/or the Skyline Home. Without limiting the foregoing, the Settling Parties mutually and globally release each other from any claims, known and unknown, pertaining to STEWART HOMES' operations out the Hemet Property owned by WFMH, referenced above, including any claims Williams or WFMH may have for unpaid commissions.

All Parties waive and relinquish, to the fullest extent permitted by law, the benefit of California Civil Code section 1542 and all similar state or federal statutes or rules of law. California Civil Code section 1542 provides:

> **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."**

3

This Agreement is entered into by all parties hereto freely and voluntarily, and with an opportunity to consult counsel. All Parties warrant and represent that they have been fully advised by their attorneys with respect to the advisability of executing this Agreement and with respect to the meaning of California Civil Code Section 1542.

This Agreement is contingent on approval by the Bankruptcy Court in the core proceeding (the Involuntary Bankruptcy Action.)

All Parties warrant and represent to each of the other Parties that they have full power and authority to enter into this Agreement and to perform in accordance with its provisions, and further warrant and represent that the claims subject to this Agreement have not been assigned to any person, firm, corporation or entity, not a party hereto.

This Agreement may be executed in counterparts and by facsimile signature or email, each of which shall be deemed an original and all such counterparts shall together constitute one and the same instrument.

All Parties acknowledge that they have each participated in drafting this Agreement, and accordingly, any ambiguity herein shall not be construed for or against any party.
This Agreement may not be altered, amended, modified or otherwise changed in any respect or particular except in writing, duly executed by all Parties.

This Agreement shall be deemed to have been executed and delivered within California and shall be construed, enforced and administered in accordance with the laws of the State of California, without giving effect to the conflicts of laws principles thereof.

This Agreement memorializes and constitutes the entire agreement and understanding between the Settling Parties and supersedes and replaces all prior negotiations, proposed agreements and agreements between the Settling Parties and/or their counsel, whether written or unwritten.

The Settling Parties agree to bear their own respective fees and costs incurred in the Involuntary Bankruptcy Action and the Adversary Action.

Date: December 19, 2024

STEWART HOMES INC.

By: Amy Stewart, Trustee of the Michael and Amy Stewart Trust, dated December 6, 2020, sole shareholder of STEWART HOMES INC.

Date: December 18, 2024

WILLIAMS FAMILY MANUFACTURED HOMES INC.

By: Craig Williams, President

Date: December 18, 2024

Craig Williams

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3685 Main Street, Suite 300, Riverside, CA 92501
Mailing: P.O. Box 1300, Riverside, CA 92502-1300

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/23/2024 ___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2024 | Wendy M. Patrick | /s/ Wendy M. Patrick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

ECF List:

- **Marc C Forsythe**    mforsythe@goeforlaw.com,
  mforsythe@goeforlaw.com;dcyrankowski@goeforlaw.com;Forsythe.MarcR13
  6526@notify.bestcase.com
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-
  la.com,narutunyan@lsl-la.com
- **Charity J Manee**    cmanee@goeforlaw.com, kmurphy@goeforlaw.com
- **Matthew J Pero**    mpero@lagerlof.com,
  lhlista@lagerlof.com;mrapkine@lagerlof.com
- **Douglas A Plazak**    dplazak@rhlaw.com
- **Leo D Plotkin**    lplotkin@lsl-la.com, hpetrilli@lsl-la.com;dsmall@lsl-la.com
- **Michael Rapkine**    mrapkine@lagerlof.com, afrctecf@afrct.com
- **John P Schafer**    john@theschaferfirm.com, pttnaegely@gmail.com
- **Amitkumar Sharma**    amit.sharma@aisinfo.com
- **Timothy J Silverman**    tsilverman@scheerlawgroup.com,
  tsilverman1@ecf.courtdrive.com
- **James E Till**    james.till@till-lawgroup.com, martha.araki@till-
  lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **William J Wall**    wwall@wall-law.com
- **Diane Weifenbach**    diane@attylsi.com, bankruptcy1@attylsi.com
- **Mandy Youngblood**    csbk@gmfinancial.com

Document7